IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON


1 STARR DALTON,

      **Plaintiff,**

v.                                          Case No. 2:08-cv-01216

W. VA. PAROLE BOARD,
CHRISTIE LOVE, PEGGY J. POPE,
BRENDA STUCKY, and
JOHN DOE ## 1 and 2,

      **Defendants.**


<u>PROPOSED FINDINGS AND RECOMMENDATION</u>

On October 23, 2008, Plaintiff filed the instant complaint, alleging that members of the West Virginia Parole Board denied him due process of law and discriminated against him on account of his race, at a March 1, 2006, parole hearing.  The complaint states as follows [spelling corrected]:

> At a March 1st, 2006, parole release interview, the defendants flat out denied the plaintiff due process and the opportunity to present his case and to be heard on the merits; manufactured false information to be used against him; used degrading, inflammatory language, i.e. Nigger, to defile him; and hence, in denying parole to plaintiff, defendants discriminated against him based on his race.
>
> The plaintiff subsequently filed a complaint to the W. Va. Supreme Court wherein he explicitly detested the defendants' moral turpitude and asked that the court impose sanctions against the defendants.  The defendants leveled their own accusations against plaintiff, charging that he had referred to the defendants as trailer park trash.  The plaintiff rebutted that charge and filed a writ of mandamus to compel the defendants to produce an

accurate transcript of the parole release interview.
Defendants have yet to produce a transcript of the parole
release interview.

Because of the events described hereinbefore, the
defendants sought to guise their racism at the
plaintiff's next parole release interview on June 1st,
2007.  The defendants concocted a document titled "Parole
Board Risk Instrument - Males," which is essentially cold
hard proof of the defendants' endeavor to persist in
their conscious practice of racism under a guise [of]
state law [that] requires the defendants to base their
decisions regarding parole release on the criterion
enunciated in the parole statute.  The "Risk Instrument"
implements a totally separate criterion which
discriminated against the plaintiff based on his age.
The defendants (Parole Board) had never in the 70 year
history of the Parole Board used such a document and only
decided to invent the such after the plaintiff had
complained of their racism.  The defendants employed this
new criterion strategically to deny the plaintiff parole
based on his race, but to, at the same time, create the
perception that they were discriminating against him
based on his age.  Defendants unscrupulously believed
that age discrimination was the lesser of the two evils.
However the law is clear in that age discrimination is
just as egregious as race discrimination.  Defendants are
guilty of both age and race discrimination as a result of
their lawless denial of parole to plaintiff at the 2007
parole hearing.

(Complaint, docket # 2, at 5-6.)  The relief sought by Plaintiff is

$500,000 in compensatory damages and a letter of apology for the

injuries caused him by the deliberate disregard of his

constitutional rights.  Id., at 7.

### Procedural History

Plaintiff applied to proceed without prepayment of fees and

costs (# 1), which was granted.  After Plaintiff filed an

Authorization to Release Institutional Account Information (# 5),

process issued and was served by the U.S. Marshals Service.

2

On January 26, 2009, Defendants filed a motion to dismiss (# 12), supported by a memorandum (# 13).  Plaintiff has failed to file a response.  Defendants' memorandum contends that this action should be dismissed because it is barred by the doctrine of *res judicata* and because Defendants are entitled to immunity.  (# 13, at 4-5.)

### The 2006 Parole Hearing

Defendants assert that Plaintiff's complaint about his 2006 parole hearing was the subject of a prior case filed by Plaintiff, Dalton v. W. Va. Parole Board, No. 2:08-cv-00957 (S.D. W. Va. Sept. 4, 2008).  Defendants are correct.  Plaintiff's complaint in No. 2:08-cv-00957 and in this case concern the same hearing, and contain very similar language.  In No. 2:08-cv-00957, the undersigned recommended dismissal based on the Eleventh Amendment to the Constitution, and the expiration of the application two-year statute of limitations.  The Proposed Findings and Recommendation were adopted by Chief Judge Goodwin and the case was dismissed. Plaintiff did not appeal.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's attempt to litigate the 2006 parole hearing has been previously adjudicated on the merits and is barred by the doctrine of *res judicata*.

### Immunity

In the case of Gilmore v. Bostic, No. 2:08-cv-00326 (S.D. W.

Va. Mar. 27, 2009), the Hon. John T. Copenhaver, Jr. adopted proposed findings and recommendation submitted by the undersigned and ruled as follows:

> Case law in the Fourth Circuit and the State of West Virginia clearly provides that quasi-judicial immunity protects parole board members from section 1983 actions for damages. See, e.g., Pope v. Chew, 521 F.2d 400, 405 (4th Cir. 1975) ("Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions."); Parkulo v. West Virginia Board of Probation and Parole, 199 W. Va. 161, 483 S.E.2d 507, 525 (1997). The law is not so clear with respect to immunity in actions for injunctive relief. In Pulliam v. Allen, 466 U.S. 522, 537 (1984), the United States Supreme Court held that judicial immunity did not extend to claims for injunctive relief. Twelve years later, Congress passed the Federal Courts Improvement Act, amending section 1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

2009 WL 890681, slip op. at 17-18. The Gilmore v. Bostic decision further determined that "[n]either the Supreme Court nor the Fourth Circuit has addressed whether section 1983 protects quasi-judicial actors, such as the West Virginia Parole Board members, from actions for injunctive relief, but the decided weight of authority has found that quasi-judicial actors are immune from such actions." [Cited cases omitted.]

The undersigned proposes that the presiding District Judge **FIND** that the West Virginia Parole Board (and its members in their official and individual capacities) is a quasi-judicial entity that is entitled to absolute judicial immunity from the plaintiff's suit

4

for both damages and prospective, non-monetary relief.   Moreover, the Board and its members in their official capacities are protected by the Eleventh Amendment to the Constitution. Accordingly, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (# 12) be granted.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.   Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be provided to Chief Judge Goodwin and this

Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and to counsel of record.

__May 20, 2008__
        Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge